CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Harrisonburg
SEP 15 2009
JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DIMARCO CONSTRUCTORS, LLC,<br>    Plaintiff,<br>v.<br><br>STAUNTON PLAZA, LLC,<br>    Defendant,<br><br><br>STAUNTON PLAZA, LLC,<br>    Counterclaim Plaintiff,<br>v.<br><br>DIMARCO CONSTRUCTORS, LLC,<br>    Counterclaim Defendant,<br><br><br>MARCH, INC.,<br>    Third Party Plaintiff,<br>v.<br><br>FROEHLING & ROBERTSON, INC.,<br>    Third Party Defendant. | Civil Action No. 5:09cv00001<br><br><br><br><br><br><br>**MEMORANDUM OPINION**<br><br><br><br><br><br>By: Samuel G. Wilson<br>United States District Judge |

This is a diversity suit[1] by DiMarco Constructors, LLC ("DiMarco") against Staunton Plaza, LLC ("Staunton Plaza") arising out of a construction project ("the Project") at a site owned by Staunton Plaza. Staunton Plaza retained March, Inc. ("March") to construct a building

---

[1] Jurisdiction over the dispute between Staunton Plaza and DiMarco is proper pursuant to 28 U.S.C. § 1332 because Staunton Plaza is a limited liability company whose members are all citizens of Georgia, DiMarco is a New York limited liability company whose members are not Georgia citizens, and the amount in controversy exceeds $75,000, exclusive of interests and costs. The dispute between F&R and March, as the parties have construed it thus far, falls within ths court's supplemental jurisdiction under 28 U.S.C. § 1367(a) because March's claims against F&R are so related to the original removable claims as to "form part of [the] same case or controversy." Though F&R and March are both Virginia corporations with their principal places of business in Virginia, the court's exercise of supplemental jurisdiction is proper under § 1367(b) because parties other than Plaintiff DiMarco joined both March and F&R in the lawsuit. See United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 492 (4th Cir. 1998) ("[T]he limitation of § 1367(b) applies only to *plaintiffs'* efforts to join nondiverse parties.").

pad on the site and DiMarco to build a retail building on the pad. March, in turn, retained Froehling & Robertson, Inc. ("F&R") to certify that the pad conformed to the Project's plans and specifications. After completion, the pad and building suffered settlement damage, and a dispute arose between Staunton Plaza and DiMarco over payment of repair costs and contract fees, resulting in the current suit. Staunton Plaza has joined March as a party asserting breach of contract and seeks to recover the cost of repairs to the building. March, in turn, has impleaded F&R. March alleges that any amount that it might owe Staunton Plaza arises from F&R's faulty certification of the building pad. F&R has moved to dismiss March, Inc.'s Third Party Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(B)(6)[2] based on Virginia's statute of limitations for an oral contract.[3] The court grants F&R's motion to dismiss.

---

[2] In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept all allegations contained in the complaint as true. McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 327 (4th Cir. 1996). It must also construe the complaint in the light most favorable to the plaintiff as well as determine if "under any reasonable reading of the complaint the plaintiff might be entitled to relief." Id. at 327; In re Broad St. Assocs., 163 B.R. 68, 69 (Bankr. E.D. Va. 1993). "The purpose of a Rule 12(B)(6) motion is to test the sufficiency of a complaint"; it is not to resolve contests regarding the facts, the merits, or the applicability of defenses. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). The court is not to consider matters beyond the pleadings when ruling on a 12(B)(6) motion. Shoemaker v. Metro. Info. Servs., 910 F.Supp. 259, 262 (E.D. Va. 1996). A 12(B)(6) motion should not be granted "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Johnson v. Mueller, 415 F.2d 354, 354 (4th Cir. 1969).

[3] Section 8.01-246 of the Virginia Code states:
> Subject to the provisions of § 8.01-243 regarding injuries to person and property and of § 8.01-243 regarding the application of limitations to fiduciaries, and their bonds, actions founded upon contract, other than actions on a judgment or decree, shall be brought within the following number of years next after the cause of action shall have accrued: . . .
> 4. In actions upon any unwritten contract, express or implied, within three years.

Va. Code Ann. § 8.01-246 (2000).

2

# I.

Neither F&R nor March dispute in their pleadings that they entered an oral contract[4] on May 31, 2005.[5] Accordingly, F&R cites Va. Code Ann. § 8.01-246(4)(2000) as establishing a three year statute of limitations. F&R maintains that its certification of the pad constitutes the event that gave rise to March's Complaint. That is, it is F&R's position that the cause of action accrued on September 28, 2005, when F&R provided the certification of the pad to March. Because the action accrued on September 28, 2005, and March did not file its Complaint until February 13, 2009, F&R posits that March's claim should be dismissed, as more than three years have elapsed.

Because the court is limited to considering matters contained solely in March's Complaint, the court directs its attention to that complaint. March pleads that it entered a contract with Staunton Plaza to perform site work for the Project. (Third Party Compl. 3.) After beginning the work, March hired F&R

> to evaluate the fill, perform proofrolls, monitor placement of the fill, perform inspections, perform moisture evaluations, perform density tests and at the conclusion of the site

---

[4] Previously, the court noted in its Memorandum Opinion dated July 14, 2009, that John Johnston, March's current owner and CEO, stated in an affidavit that "March and F&R 'have had a previous course of dealings which did not include written contracts,' and that he 'ha[s] nothing in the file to suggest that [the Project] was handled any differently.'" (Memorandum Op. 3) (citing Johnston Aff. 2.) He further stated that "I am unaware of March, Inc. entering into written contracts with Froehling & Robertson, Inc. for their services . . . Froehling & Robertson, Inc. and March, Inc. have worked together for years under oral agreements." (Johnston Aff. 2.)

[5] In an attempt to take advantage of a five year statute of limitations, March now claims that the oral contract between the parties was ultimately memorialized. Because March's Complaint lacks allegations or evidence that the oral contract was indeed written and because the court, on a motion to dismiss, is limited to consideration of the pleadings, March's current claim regarding the memorialized nature of the oral contract is not properly before this court.

3

work, certify the pad was prepared in accordance with the plans and the specifications and met the psf bearing required.

(Id. at 3.) The Complaint further alleges that "[p]ursuant to the agreement reached, Froehling & Robertson, Inc. frequented the site on an almost daily basis and monitored the work being performed by March," and that as of "September 28, 2005, Froehling & Robertson certified the pad as complete; and as meeting the 2500 psf bearing required by the plans and specifications." (Id. at 3–4.)

## II.

Considering the allegations contained in March's Complaint, all of which the court accepts as true, and viewing the Complaint in the light most favorable to March, the court finds that March's own pleadings establish that the event giving rise to its claim accrued on September 28, 2005. March's Complaint alleges that the parties entered a contract calling for F&R to provide a certification to March "at the conclusion of the site work," which F&R provided on September 28, 2005. (Third Party Compl. 3.) Nothing in the Complaint suggests the cause of action accrued after that date.[6] Accordingly, the court finds that the cause of action accrued (thereby triggering the three year clock) on September 28, 2005, when F&R provided the certification to March.

March filed its Complaint on February 13, 2009, well beyond the three year statute of limitations applicable to oral contracts. Because March did not file its Complaint within that time, the matter is barred pursuant to Va. Code Ann. § 8.01-246 (2000).

---

[6] Even reading the Complaint in the light most favorable to March, a fair reading of March's Complaint suggests that the giving of the certification by F&R to March concluded the contractual duties owed by F&R.

4

## III.

For the reasons stated herein, the court grants F&R's Motion to Dismiss March Inc.'s Complaint pursuant to Fed. R. Civ. P. 12(B)(6) based on Virginia's statute of limitations for an oral contract.

**ENTER**: This 15th day of September 2009.

                                                UNITED STATES DISTRICT JUDGE